# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **HECTOR CONTRERAS-MENENDEZ** | CIVIL NO. 24-1447 |
| PLAINTIFF | |
| VS. | DISCRIMINATION BASED ON SEX; FAMILY MEDICAL LEAVE ACT (FMLA); RETALIATION; WRONGFUL TERMINATION; AND TORT DAMAGES |
| **JOHNSON & JOHNSON INTERNATIONAL;** **MCNEIL HEALTHCARE, LLC;** **KENVUE;** **INSURANCE COMPANY XYZ;** **COMPANY ABC;** **JOHN & JANE DOE.** | |
| | TRIAL BY JURY DEMANDED |
| DEFENDANTS | |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW, Hector Contreras-Menendez** ("Plaintiff"), through the undersigned attorney and very respectfully states, alleges and prays as follows:

## PRELIMINARY STATEMENT

1. Plaintiff worked for Johnson & Johnson International, McNeil Healthcare, LLC & Kenvue (jointly "Defendants") since April of 2022 until his illegal termination on September of 2023. Plaintiff was discriminated and retaliated by the Defendants when 1) the Plaintiff requested for leave of absence pursuant to the Family Medical Leave Act ("FMLA"), 2) the Plaintiff complained about his immediate supervisor regarding his pattern of fabricating disciplinary actions against the Plaintiff, and 3) the Plaintiff complained about his immediate supervisor regarding his unequal treatment towards the Plaintiff based on sexual stereotypes. After the Plaintiff requested leave of absences pursuant to the FMLA and lodged complaints against his immediate supervisor,

the Defendants fabricated a reason to illegally terminate the Plaintiff on September of 2023. The Defendants violated the anti-discrimination and anti-retaliation federal and state labor laws when they illegally terminated the Plaintiff from his employment on September of 2023.

2. Such actions constitute a disparate treatment by the Defendants based on discrimination based on sex pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII") and retaliation pursuant to the FMLA and Title VII.

3. Plaintiff files this civil action against the Defendants based on the following: Discrimination based on Sex pursuant to Title VII, 42 USC sec. 2000e-2(a), Puerto Rico's Law No. 100 of June 30, 1959 ("Law 100"), 29 LPRA sec. 146 *et seq.*, Puerto Rico's Law No. 69 of July 6, 1985 ("Law 69"), 29 LPRA sec. 1321 et seq., and Section 1 of Article II of the Constitution of the Commonwealth of Puerto Rico ("PR Constitution"); Retaliation pursuant to FMLA, 29 U.S.C. 2615 and 29 C.F.R. sec. 825.220, Title VII, 42 USC sec. 2000e-3(a), Puerto Rico's Law No. 115 of December 20, 1991, 29 LPRA sec. 194 *et seq.* ("Law 115")*,* and Section 16 of Article II of the PR Constitution; Wrongful Termination (Unjust Dismissal) pursuant to Puerto Rico's Law No. 80 of May 30, 1976 ("Law 80"), 29 LPRA sec. 185a et seq.; and Tort Damages pursuant to the Puerto Rico's Civil Code ("PRCC").

4. Plaintiff seeks compensatory, punitive, double and liquidated damages, severance pay, back pay, front pay, and equitable and injunctive relief for Defendants' unlawful, retaliatory and discriminatory employment termination of the Plaintiff based on retaliation, his age, race and national origin. In addition, Plaintiff seeks other specific remedies that restore him to the position that he would have held in the absence of the discrimination.

**JURISDICTION AND VENUE**

5. The United States District Court for the District of Puerto Rico has jurisdiction over this action under 28 U.S.C. sec. 1331 since the matter of this civil action arises under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff files this action pursuant to FMLA and Title VII.

6. Plaintiff further invokes pendent or supplemental jurisdiction of this Court under 28 USC sec. 1367 to hear Puerto Rico constitutional and law claims arising from the same nucleus of operative facts. Specifically, Plaintiff files this action pursuant to the PR Constitution, Law 100, Law 69, Law 115, Law 80 and the PRCC.

7. Pursuant to 28 U.S.C. sec. 1391 (a), venue is proper in the District of Puerto Rico because the events that justify the causes of action occurred in this district and the Defendant does business within this judicial district.

8. Plaintiff demands that all causes of action be tried before a jury.

**PARTIES**

9. Plaintiff, Hector Contreras-Menendez ("Plaintiff") is of legal age, domiciled and resident of Caguas, Puerto Rico. Plaintiff's address is the following: Urb. El Valle 306, Paseo del Flamboyan, Caguas, PR 00727. Plaintiff's telephone number is 787-645-3477. Plaintiff's electronic mail address is contreras_h83@hotmail.com.

10. Johnson & Johnson International, McNeil Healthcare, LLC & Kenvue (jointly "Defendants") are incorporated, organized and authorized to do business under the constitution and laws of Delaware, New Jersey, the Commonwealth of Puerto Rico and of the United States of America. The Defendants' addresses in Puerto Rico are the following: 1) Calle C#475, Suite 200, Guaynabo, PR 00969, 2) Calle C#475, Suite 401, Guaynabo, PR 00969, 3) 361 San Francisco St., Penthouse, San Juan, PR 00901, 4) Carr. 183, Km. 19.1, Bo. Montones, Las Piedras, PR 00771,

3

and 5) PO Box 2009, Las Piedras, PR 00771. The Defendants' resident agent is CT Corporation and the resident agent's address is 361 San Francisco St., Penthouse, San Juan, PR 00901. The Defendants constitute an integrated enterprise and are therefore to be considered as a single Defendants because of the degree of interrelationship, common ownership and control, common management, and the degree of centralization of labor relations and personnel functions at the Defendants' place of business in the Commonwealth of Puerto Rico. Plaintiff reserves the right to amend the Complaint once more information is discovered.

11. Co-Defendant, Insurance Company XYZ (hereinafter referred to as "Insurance Company XYZ"), held an insurance policy in favor of the Defendants. At the time of the retaliatory incidents described herein, Insurance Company XYZ held an insurance policy in favor of the Defendants, specifically to cover said discrimination claims. Their current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

12. Co-Defendant, Company ABC (hereinafter referred to as "Company ABC"), is another business company, which is the parent company or an affiliated company of the Defendants, that directed and had knowledge of Defendant's retaliatory acts of which Plaintiff is complaining. Their Current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

13. Co-Defendant, John & Jane Doe (hereinafter referred to as "Doe"), is another agent, supervisor, official or director who is affiliated with the Defendants, who directed and had knowledge of Defendant's retaliatory acts of which Plaintiff is complaining. Their Current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

## THE FACTS

14. The Defendants have more than five hundred (500) employees.

15. The Plaintiff was employed by the Defendants on April 18th, 2022.

16. The Plaintiff's job position when he started was Manufacturing Supervisor.

17. The Plaintiff is a widower and father of two minor children.

18. On November of 2018, five days after the Plaintiff's second youngest child was born, Plaintiff's wife passed away.

19. Following her passing, the Plaintiff found himself as a sole parent with full parental obligations for both minor children.

20. As a widower and father, the Plaintiff have been trying to balance his role as a sole parent and an employee.

21. When the Plaintiff applied for employment with the Defendants, the Defendants emphasized that the Manufacturing Supervisor position was for the third shift, meaning 10 p.m. to 6 a.m.

22. The Plaintiff indicated to the Defendants that he had no objection to such a shift as it benefited the Plaintiff and allowed him to fulfill his responsibilities as a single parent during the day.

23. The Plaintiff's general duties as Manufacturing Supervisor were to supervise the operators in the manufacturing area, ensure that production was in compliance with all requirements of the daily production planning, and any other duties related thereto.

24. During the course of the Plaintiff's employment with the Defendants, the Plaintiff understood that he was meeting the Defendants' expectations based on his duties.

25. However, since the Plaintiff began working, the Plaintiff was subjected to a pattern of humiliation and hostile environment by his immediate supervisor, Manager Allan Salgado ("Manager").

26. Specifically, the Manager began said pattern of humiliation and hostile environment against the Plaintiff by fabricating reprimands against the Plaintiff based on false information, and giving the Plaintiff inconsistent instructions for the purpose of fabricating said reprimands.

27. Even though the Plaintiff told the Manager that his reprimands were based on incorrect information and/or his inconsistent instructions, the Manager continued this pattern of workplace harassment stating that complaints could not be filed against the Manager because he had more seniority in the job compared to the Plaintiff's position.

28. In fact, the Manager mocked the Plaintiff by saying that the Plaintiff should not risk filing complaints against the Manager because the Plaintiff is a widowed man and should not risk losing his salary for filing a complaint against the Manager.

29. After hearing the Manager mock the Plaintiff's widowed status, the Plaintiff began to realize that many of the actions taken by the Manager were a disparaging treatment of the Plaintiff because the Plaintiff was the only widowed employee and a single parent.

30. The Plaintiff understood that the Manager was sexually stereotyping the Plaintiff as he would always humiliate the Plaintiff by stating that the Plaintiff could not ask for accommodations to care for his children and that the Plaintiff should focus more on work.

31. During the course of the pattern of workplace harassment, the Plaintiff filed several complaints against the Manager with Human Resources of the Defendants.

32. However, the Manager continued his pattern of workplace harassment by ordering the Plaintiff's third shift to be eliminated, which would impact the Plaintiff's ability to fulfill his daytime responsibilities as a single parent.

33. Following the order to eliminate the Plaintiff's third shift, the Plaintiff went to the Human Resources Department of the Defendants to request an FMLA leave.

34. These FMLA requests were filed approximately on May of 2023.

35. Although the Plaintiff filed complaints against the Manager and his requests for FMLA leave, such workplace harassment by the Manager continued.

36. At no time was the Plaintiff notified by Human Resources of the status of his complaints against the Manager.

37. Likewise, after exhausting his FMLA leave during the months between May and August of 2023, the Plaintiff requested additional licenses from August to November of 2023.

38. The Defendants informed the Plaintiff that the Manager was the person who could authorize the additional licenses from August to November of 2023.

39. The Plaintiff wrote several communications to the Defendants that the Plaintiff understood that the Manager was not going to approve the additional licenses from August to November of 2023, because the Manager would retaliate against the Plaintiff.

40. After approximately working for the Defendants for a year and a half, the Manager fabricated a reason for the Plaintiff's illegal termination.

41. The Plaintiff was informed of his illegal termination on October 5th, 2023.

42. The Plaintiff understands that the Manager fabricated said disciplinary actions with the purpose of creating a hostile environment against the Plaintiff because he was discriminating

7

against the Plaintiff based on the sexual stereotype that a widower and a single parent cannot comply with his job.

43. Also, the Plaintiff understands that the Manager continued to create a hostile environment against the Plaintiff for having filed complaints against the Manager.

44. The Plaintiff suffered economic, emotional and physical damage as a result of the disparate treatment of the Manager, by subjecting the Plaintiff to a hostile environment.

45. The Plaintiff understands that the Manager was discriminating against the Plaintiff because of the sexual stereotype of a widower and a single father, since he gave more opportunities to other people who were not widowers and single fathers.

46. On the other hand, the Plaintiff sincerely believes that the Manager also illegally retaliated the Plaintiff for requesting FMLA leave and for filing complaints against him.

47. Eventually, the Defendants fabricated the reason to terminate the Plaintiff.

48. The Defendants and the Manager took such discriminatory and retaliatory actions against the Plaintiff, culminating in the Plaintiff's illegal termination.

49. The Defendants are liable for the discrimination and the retaliation as described above.

50. The Defendants had no legitimate reason to terminate the Plaintiff.

51. The Defendants illegally terminated the Plaintiff in violation of anti-discrimination and anti-retaliation federal and state laws.

52. Company ABC was the parent company or an affiliated company of the Defendants. Company ABC had knowledge of Defendants' discriminatory and retaliatory decisions. Company ABC did not take any proper action to rectify and/or avoid the discriminatory

and retaliatory actions incurred by the Defendants. Company ABC allowed the Defendants to discriminate and retaliate against the Plaintiff, based on false pretextual grounds.

53. John & Jane Doe had knowledge of Defendants' discriminatory and retaliatory decisions. John & Jane Doe did not take any proper action to rectify and/or avoid the discriminatory and retaliatory actions incurred by the Defendants. John & Jane Doe allowed the Defendants to discriminate and retaliate against the Plaintiff, based on false pretextual grounds.

54. At the time of these retaliatory and discriminatory incidents, Insurance Company XYZ held an insurance policy in favor of the Defendants, specifically to cover said discriminatory and retaliatory claims. Said insurance policy was in force at the time of the retaliatory incidents.

55. Because of this illegal termination, the Plaintiff has suffered economic damages due to the deprivation of his compensation and benefits.

56. Because of this illegal termination, the Plaintiff has suffered emotional damages due to depression, lost sleep, rest and humiliation of his professional reputation. Plaintiff has been at loss of his peace of mind and emotional stability.

57. The Defendants are liable for all the Plaintiff's damages.

## FIRST CAUSE OF ACTION

## DISCRIMINATION BASED ON SEX

58. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

59. Defendants' discriminatory conduct altered Plaintiff's employment condition because of Plaintiff's sex.

60. At the moment that the Defendants' incurred in the discriminatory conduct, the Plaintiff was performing his job well enough to meet the Defendants' legitimate expectations.

61. However, the Defendants treated the Plaintiff unequally because the Defendants allowed the Manager to create a hostile work environment based on sexual stereotyping against the Plaintiff.

62. The Defendants fabricated a false pretextual ground to justify the illegal termination of the Plaintiff.

63. The Plaintiff denies this false pretextual ground.

64. The Defendants fabricated this false pretextual ground in order cover the illegal harassment and termination of the Plaintiff by to the Manager.

65. Defendants' conduct against the Plaintiff constitutes discrimination based on sex pursuant to Title VII, Law 100, Law 69, and Section 1 of Article II of the PR Constitution.

66. As a proximate result of Defendants' discriminatory practice, Plaintiff has suffered intensely, has been deprived of his means of livelihood, has suffered economic losses and has been emotionally injured.

67. As a result of Defendants' discriminatory practices, Plaintiff lost the salary he was entitled to.

68. Defendants are liable to Plaintiff for the back pay he was entitled had he maintained her position pursuant to Title VII, Law 100, Law 69, and Section 1 of Article II of the PR Constitution.

69. Plaintiff's last annual salary, plus benefits, was approximately one hundred ten thousand dollars ($110,000.00).

70. Defendants are liable to the Plaintiff under this cause of action for all lost wages and fringe benefits that the Plaintiff has incurred from the date of the adverse employment action to the date on which damages are settled. Such back pay should include lost wages, pension

benefits, insurance, vacation, profit sharing, accrued sick leave and other economic benefits of employment, plus prejudgment interest.

71. Pursuant to Title VII, Defendants' discriminatory practices against the Plaintiff were willful, malicious and/or carried with reckless indifference towards Plaintiffs' rights protected under federal law. Plaintiff is thus entitled to punitive damages. This amount continues to increase with the passage of time and will be adjusted accordingly at the time of the trial.

72. In the alternative, an adequate remedy under Law 100 & Law 69, Defendants are liable to Plaintiff for double the amount of back pay, front pay and compensatory damages, without the need of establishing that there was a willful, malicious and/or reckless indifference towards Plaintiffs' rights.

73. Plaintiff's dismissal was the culmination of Defendants' discriminatory action against the Plaintiff because of his sex.

74. Defendants are liable to Plaintiff under this cause of action, pursuant to Title VII, Law 100, PR Law 69 and the PR Constitution, in excess of two million two hundred thousand dollars ($2,200,000.00).

75. In addition, Plaintiff is entitled to reinstatement and to an order forbidding any further discriminatory practices against him.

76. In addition to the remedies before mentioned, Plaintiff is entitled to double compensatory and statutory damages. As a result, thereof, Defendants are liable for double compensatory and statutory damages. These damages are estimated at no less than two million two hundred thousand dollars ($2,200,000.00), which times two equal four million four hundred thousand dollars ($4,400,000.00).

**SECOND CAUSE OF ACTION**

## RETALIATION

77. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

78. Defendants' retaliatory conduct altered Plaintiff's employment condition because Plaintiff engaged in protected activities.

79. Specifically, the protected activities are as follows: 1) the Plaintiff complained to the Defendants about his Manager's discriminatory treatment, and 2) the Plaintiff requested leave of absences pursuant FMLA.

80. The Defendants took materially adverse actions against the Plaintiff by terminating the Plaintiff because the Plaintiff participated in said protected activities.

81. The Defendants' adverse actions are causally connected with the Plaintiff's participation in the protected activities.

82. The Plaintiff suffered a materially adverse action from the Defendants' arbitrary decisions to illegally terminate the Plaintiff, which affected his compensation and benefits.

83. The Plaintiff's participation in said protected activities were the direct cause of the Defendants' adverse actions against the Plaintiff, thus constituting an unlawful retaliation.

84. Defendants' conduct against the Plaintiff constitutes an unlawful retaliation pursuant to FMLA, Title VII, Law 115 and the PR Constitution.

85. As a proximate result of Defendants' unlawful retaliation, Plaintiff has suffered intensely, has been deprived of his means of livelihood, has suffered economic losses and has been emotionally injured.

86. As a result of Defendants' unlawful retaliation, Plaintiff lost the compensation and benefits he was entitled to pursuant to FMLA, Title VII and Law 115.

87. Defendants are liable to Plaintiff for the back pay and front pay he was entitled had he maintained his position.

88. Plaintiff's last annual salary, plus benefits, was approximately one hundred ten thousand dollars ($110,000.00).

89. Defendants are liable to the Plaintiff under this cause of action for all lost wages and fringe benefits that the Plaintiff has incurred from the date of the adverse employment action to the date on which damages are settled. Such back pay and front pay should include lost wages, pension benefits, insurance, vacation, profit sharing, accrued sick leave and other economic benefits of employment, plus prejudgment interest.

90. Pursuant to FMLA and Title VII, Defendants' unlawful retaliation against the Plaintiff was willful, malicious and/or carried with reckless indifference towards Plaintiff's rights protected under federal law. Plaintiff is thus entitled to punitive damages. This amount continues to increase with the passage of time and will be adjusted accordingly at the time of the trial.

91. In the alternative, an adequate remedy under Law 115, Defendants are liable to Plaintiff for double the amount of back pay, front pay and compensatory damages, without the need of establishing that there was a willful, malicious and/or reckless indifference towards Plaintiffs' rights.

92. The adverse actions taken against the Plaintiff was the culmination of Defendants' retaliatory actions against the Plaintiff because of his participation in protected activities.

93. Defendant are liable to Plaintiff under this cause of action pursuant to FMLA, Title VII, Law 115 and the PR Constitution, in excess of two million two hundred thousand dollars ($2,200,000.00).

94. In addition, Plaintiff is entitled to reinstatement and to an order forbidding any further retaliatory practices against him.

95. In addition to the remedies before mentioned, Plaintiff is entitled to double compensatory and statutory damages. As a result, thereof, Defendant is liable for double compensatory and statutory damages. These damages are estimated at no less than two million two hundred thousand dollars ($2,200,000.00), which times two equal four million four hundred thousand dollars ($4,400,000.00).

### THIRD CAUSE OF ACTION
### WRONGFUL TERMINATION

96. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

97. Defendants' actions constitute a termination of employment without just cause.

98. Defendants are liable to Plaintiff pursuant to Law 80, for an amount equal to three (3) months of salary plus benefits, as defined in the law, and two (2) additional weeks of compensation, based on his highest earning in any thirty-day period within the three years prior to the Plaintiff's dismissal. Therefore, the sum amount of severance pay under Law 80 is approximately thirty-two thousand eighty-three dollars with thirty-three cents ($32,083.33).

### FOURTH CAUSE OF ACTION
### TORTS DAMAGES

99. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

100. Defendants' actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

101. Defendants are liable to Plaintiff pursuant to the PRCC.

102. John & Jane Doe's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

103. John & Jane Doe's are liable to Plaintiff pursuant to the PRCC.

104. Company ABC's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

105. Company ABC is liable to Plaintiff pursuant to the PRCC.

106. All before mentioned Defendants are jointly and severally liable for their negligent and intentional tort actions.

107. As a result, thereof, Defendants are liable for compensatory and statutory damages pursuant to the PRCC.

108. These damages are estimated at no less than five hundred thousand dollars ($500,000.00).

## FIFTH CAUSE OF ACTION

### INSURANCE COMPANIES ARE JOINTLY AND SEVERALLY LIABLE

109. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

110. Insurance Company XYZ is directly, jointly and severally liable, along with the other Co-Defendants to the Plaintiff for the damages caused by their insured, pursuant to the terms and coverage of their respective policy of insurance.

## SIXTH CAUSE OF ACTION

### ATTORNEYS FEES AND PREJUDGMENT INTEREST

111.   Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

112.   Defendant is liable to Plaintiff for attorney's fees and costs under FMLA and Title VII.

113.   Defendant is also liable to Plaintiff for attorney's fees under Law 100, Law 69, Law 115 and Law 80.

114.   Defendant is liable for prejudgment interest pursuant to Rule 54 of the Federal Rules of Civil Procedure.

## DEMAND FOR JURY TRIAL

115.    Plaintiff demand a trial by jury as to all claims and issues alleged herein

## PRAYER

Wherefore, all allegations considered, Plaintiff prays that judgment be entered in their favor and against all Defendants', specifically:

1. Granting Plaintiff's Complaint against Defendants. This Court should grant Plaintiff's complaint and find that the Defendants are liable to the Plaintiff based on the following: Discrimination based on Sex pursuant to Title VII, 42 USC sec. 2000e-2(a), Law 100, 29 LPRA sec. 146 *et seq.*, Law 69, 29 LPRA sec. 1321 et seq., and Section 1 of Article II of the PR Constitution; Retaliation pursuant to FMLA, 29 U.S.C. 2615 and 29 C.F.R. sec. 825.220, Title VII, 42 USC sec. 2000e-3(a), Law 115, and Section 16 of Article II of the PR Constitution; Wrongful Termination (Unjust Dismissal) pursuant to Law 80, 29 LPRA sec. 185a et seq.; and Tort Damages pursuant to the PRCC.

2. An order directing Defendants to reinstate Plaintiff to his former position and to cease and desist of any further retaliatory and discriminatory conduct on the basis of age, race and national origin.

3. Awarding plaintiff back pay and front pay, together with interest, for the period that Plaintiff was deprived of his salary, as it was awarded to other employees in his previous position.

4. Awarding the Plaintiff punitive and liquidated damages equal to twice the back pay, front pay and fringe benefits lost by the Plaintiff.

5. Awarding the Plaintiff lost benefits, both past and future.

6. Awarding the Plaintiff the sum amounts before mentioned in the Complaint which includes the double compensatory damages.

7. Awarding Plaintiff reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements.

8. Awarding Plaintiff any and all other relief to which Plaintiff may be justly entitled.

**RESPECTFULLY SUBMITTED**: In San Juan, Puerto Rico on this 23rd day of September, 2024.

*/S/VICTOR M. RIVERA-RIOS*
VICTOR M. RIVERA-RIOS
USDC BAR NUMBER 301202
1420 FERNANDEZ JUNCOS AVE
SAN JUAN, PR 00909
Tel: (787) 727-5710
Cel: (787) 565-3477
E-Mail: victorriverarios@rcrtrblaw.com
info.vrr@rcrtrblaw.com